UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.

D-3 CEDARRIUS FROST,

        Defendant.

Case No. 08-20537-3

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE SENTENCE
UNDER 28 U.S.C. § 2255**

Before the Court are Defendant's pro se Motion to Reduce and Modify Sentence for Good Cause [132] and Defendants' Motion for Recharacterication of 18 U.S.C. § 3582(c)(2) Motion to Reduce and Modify Sentence to Motion to Vacate Sentence Under 28 U.S.C. § 2255 [152].

For the reasons stated below, Defendant's Motion to Reduce and Modify Sentence [132] is DENIED, and Defendants' Motion to Recharacterize and Vacate Sentence [152] is GRANTED.

**Procedural History**

On October 14, 2008, Defendant was charged with conspiracy to distribute and with the distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846. Defendant pled guilty to these charges and was sentenced to 120 months on August 20, 2010.

Defendant filed the pro se Motion to Reduce and Modify Sentence for Good Cause [132] pursuant to 18 U.S.C. § 3582, on January 19, 2012. After having counsel appointed, Defendant filed the Motion for Recharacterization of 18 U.S.C. § 3582(c)(2) Motion to Reduce and Modify

Sentence to Motion to Vacate Sentence Under 28 U.S.C. § 2255 [152], on September 15, 2012. The Government filed its Response [162] on February 15, 2013.

**Application of the Fair Sentencing Act**

During Defendant's August 20, 2010 sentencing hearing, it was established that Defendant's sentencing guideline range was 87-108 months based on an offense level of twenty-seven and a criminal history category of III. However, because the total drug amount attributed to Defendant was 93.33 grams of crack cocaine, the Court imposed the 120 month mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). *See* U.S.S.G. § 5G1.1(b)("[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

During the sentencing hearing, Defendant argued that the sentencing reductions rendered by the Fair Sentencing Act of 2010 (FSA) should apply retroactively to Defendant's sentence. Under the FSA, Defendant's sentencing guideline range was calculated to be 57 to 71 months. The FSA also "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively)." *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (U.S. 2012). At the time of the hearing, the Sixth Circuit Court had held that the FSA did not apply to retroactively. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Therefore, Defendant was not sentenced under the FSA's reduced sentences.

However, following Defendant's sentencing hearing, the Supreme Court ruled that the FSA did apply retroactively in certain instances. The Court specifically held that "Congress

2

intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." *Dorsey*, 132 S. Ct. at 2331 (U.S. 2012). Because Defendant was charged in October 2008 and sentenced on August 20, 2010, Defendant falls within the group of offenders outlined by the Supreme Court in *Dorsey*. Therefore, the reductions initiated by the FSA are applicable to Defendant's sentence.

**Motion to Reduce and Modify Sentence [132]**

Defendant's pro se Motion to Reduce and Modify Sentence for Good Cause [132] reiterates the argument that the FSA's reduction of the mandatory minimum from 120 months to 60 months should apply to Defendant. The Motion [132] relies on 18 U.S.C. § 3582(c)(2) in requesting this sentence modification. The statute reads:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(2). However, because Defendant was sentenced "based on" a statutory mandatory minimum rather than the calculated sentencing range, Defendant cannot obtain relief under § 3582(c)(2). *See United States v. McClain*, 691 F.3d 774, 778 & n.1 (6th Cir. 2012)(*citing United States v. Hameed*, 614 F.3d 259, 262, 264 (6th Cir. 2010)).

**Motion to Vacate Sentence [152]**

Defendant's second Motion [152] seeks to recharacterize the initial pro se Motion to Reduce and Modify Sentence [132], and instead requests to vacate the sentence under 28 U.S.C. § 2255.

In regards to pro se litigants, this court should not recharacterize a motion under some other provision as a motion under § 2255 "unless [] the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized." *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002)(*citing Adams v. United States*, 155 F.3d 582, 584 (2nd Cir. 1998)). In the instant case, Defendant files the Motion [152] requesting recharacterization after obtaining counsel. Defendant also signed and attached an affidavit to this Motion [152] specifically stating that Defendant has given his counsel permission to recharacterize his previous pro se motion and that Defendant understands the various consequences of filing a motion under § 2255, including the limitations on a second § 2255 motion.

Title 28 U.S.C. § 2255 allows a previously sentenced prisoner to move the sentencing Court to "vacate, set aside or correct the sentence," if the sentence was "imposed in violation of the Constitution or laws of the United States,...or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Defendant argues that because *Dorsey* provides that the FSA sentence reductions should have been applied to his case, and because the FSA sentences were not applied to his sentence, Defendant is entitled to relief under § 2255.

The Sixth Circuit Court has upheld the retroactive application of the FSA reduced sentences to those defendants outlined in *Dorsey*. *See United States v. Moore*, 2012 U.S. App. LEXIS 17896, at *8 (6th Cir. 2012); *United States v. Finley*, 487 Fed. Appx. 260, 265 (6th Cir. 2012).

**Conclusion**

For the reasons state above, Defendant's Motion to Reduce and Modify Sentence [132] is DENIED, and Defendants' Motion to Recharacterize and Vacate Sentence [152] is GRANTED.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reduce and Modify Sentence [132] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Recharacterize and Vacate Sentence [152] is **GRANTED**. Pursuant to this order, Defendant will be resentenced at a later date.

**SO ORDERED**.

          s/Arthur J. Tarnow
          ARTHUR J. TARNOW
          SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 18, 2013

---

**CERTIFICATE OF SERVICE**

I hereby certify on April 18, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 18, 2013: **None.**

          s/Michael E. Lang
          Deputy Clerk to
          District Judge Arthur J. Tarnow
          (313) 234-5182